UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf its members and itself; and MIKA PYYHKALA and LINDSAY YAZZOLINO, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>HRB DIGITAL LLC and HRB TAX GROUP, INC.,<br><br>            Defendants. | CIVIL ACTION NO. |

## CLASS ACTION COMPLAINT

Plaintiffs Mika Pyyhkala and Lindsay Yazzolino ("Individual Plaintiffs"), on behalf of themselves and all others similarly situated, and National Federation of the Blind, on behalf of itself and all of its members, file this Complaint against Defendants HRB Digital, LLC and HRB Tax Group, Inc. for civil rights violations and allege as follows:

### INTRODUCTION

1.      This action seeks to put an end to civil rights violations committed by Defendants against the blind.  By offering Internet websites that are inaccessible to blind customers, Defendants are depriving blind persons access to online services Defendants offer to their sighted customers via their websites,  including income tax preparation services.

2.      This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12182, and Article 114 of the Massachusetts Constitution, as enforced through the Massachusetts Equal Rights Act ("MERA"), Mass. Gen. Laws ch. 93, § 103.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because of Plaintiffs' federal civil rights claims pursuant to 42 U.S.C. § 12182.  This

Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the

Individual Plaintiffs reside in this District, Defendants do business in this District, and the acts

constituting violations of the ADA, the Massachusetts Constitution, and MERA complained of

occurred in this District.

## PARTIES

5.      Plaintiff National Federation of the Blind ("NFB"), the oldest and largest national

organization of blind persons, is a non-profit corporation duly organized under the laws of the

District of Columbia with its principal place of business in Baltimore, Maryland.  It has affiliates

in all 50 states, Washington, D.C., and Puerto Rico.  The vast majority of its approximately

50,000 members are blind persons who are recognized as a protected class under federal laws.

The NFB is widely recognized by the public, Congress, executive agencies of government and

the courts as a collective and representative voice on behalf of blind Americans and their

families.  The purpose of the NFB is to promote the general welfare of the blind by (1) assisting

the blind in their efforts to integrate themselves into society on terms of equality and (2)

removing barriers and changing social attitudes, stereotypes and mistaken beliefs that sighted

and blind persons hold concerning the limitations created by blindness and that result in the

denial of opportunity to blind persons in virtually every sphere of life.  The NFB and many of its

members have long been actively involved in promoting accessible technology for the blind, so

that blind persons can live and work independently in today's technology-dependent world. NFB members reside throughout the United States, including Massachusetts.  Many NFB members would use Defendants' website if it was independently accessible to the blind.  The NFB sues on behalf of its members throughout the United States, as well as in furtherance of its extensive efforts and expenditure of resources in promoting two of its principal missions: independence of the blind and equal access to technology for the blind.  Defendants' discriminatory use of inaccessible websites frustrates these missions of the NFB and results in the diversion of its resources to address Defendants' discriminatory practices.

6.      Plaintiff Mika Pyyhkala is a citizen and resident of Massachusetts.  Mr. Pyyhkala is legally blind and a member of the NFB as well as the Massachusetts chapter of the NFB.  Mr. Pyyhkala works in technical operations at Neighborhood Health Plan in Boston.

7.      Plaintiff Lindsay Yazzolino is a citizen and resident of Massachusetts.  Ms. Yazzolino is legally blind and a member of the NFB as well as the Massachusetts chapter of the NFB.  She is a researcher at Massachusetts Eye and Ear in Boston.

8.      Defendant HRB Digital LLC is a Delaware limited liability company and subsidiary of H&R Block, Inc., the publicly traded Missouri corporation which, through its subsidiaries, prepares approximately one in every six U.S. tax returns and claims that it is "the only tax preparation company capable of serving clients anyway, anywhere and anyhow they want to be served."  Defendant HRB Digital LLC's physical principal place of business is Kansas City, Missouri.  On information and belief, it owns, operates, or controls H&R Block's websites, namely http://www.hrblock.com and its affiliated sites and pages, including http://taxes.hrblock.com,   http://getitright.hrblock.com,   and   http://anotherlook.hrblock.com

(collectively, the "H&R Block Websites" or "Websites") that are used extensively and regularly nationwide, including in Massachusetts.

9.      Defendant HRB Tax Group, Inc. is a Missouri corporation registered to do business in Massachusetts and is a subsidiary of H&R Block, Inc., the publicly traded Missouri corporation which, through its subsidiaries, prepares approximately one in every six U.S. tax returns and claims that it is "the only tax preparation company capable of serving clients anyway, anywhere and anyhow they want to be served."  Defendant HRB Tax Group, Inc.'s physical principal place of business is Kansas City, Missouri.  On information and belief it owns, operates, or controls H&R Block's Websites that are used extensively and regularly nationwide, including in Massachusetts.

10.      This action is brought by the NFB on behalf of its members and itself.  NFB has approximately 50,000 members across the country, many of whom reside in Massachusetts.  This action is also brought by the Individual Plaintiffs on behalf of themselves and a class and subclass of all other persons who are similarly situated, as set forth below.

11.      Plaintiffs' Counsel signing this complaint are authorized to do so on behalf of Plaintiff NFB and the Individual Plaintiffs.

## CLASS ACTION ALLEGATIONS

### Nationwide Class

12.      The Individual Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and alternatively, (b)(3), on behalf of all legally blind individuals in the United States who are unable to access and use the H&R Block Websites and online income tax preparation services because of a visual disability, hereinafter referred to as the "Nationwide Class."

13.     The members of the Nationwide Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.   According to recent American Community Survey and Cornell University data, there are approximately 6.6 million blind persons in the United States.   On information and belief, many of these individuals prepare and file income tax returns and would like to do so using Defendants' Websites and online services.

14.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, the H&R Block Websites and online tax preparation services due to the lack of accessibility of the Websites and online services as required by law.

15.     Common questions of law and fact predominate.   These questions include:

a.      whether the H&R Block Websites are public accommodations under the ADA;

b.      whether the H&R Block Websites are accessible to the blind using screen access software; and

c.      what measures are legally required to bring the H&R Block Websites into compliance with the ADA.

16.     The claims of the Individual Plaintiffs are typical of those of the Nationwide Class and the Individual Plaintiffs will fairly and adequately represent the interests of the Nationwide Class.

17.     The Nationwide Class is appropriate under Rule 23(b)(2) because Defendants have acted or refused to act – and are continuing to act and refuse to act – on grounds generally

applicable to the Nationwide Class, in that the H&R Block Websites are inaccessible to all class members and Defendants refuse to make the Websites fully accessible to them. This makes appropriate final injunctive relief and corresponding declaratory relief – declaring Defendants to be in violation of the ADA and ordering them to make the H&R Block Websites compliant with the ADA – with respect to the Nationwide Class as a whole.

<strong>Massachusetts Subclass</strong>

18.     The Individual Plaintiffs also bring this case on behalf of a subclass of all legally blind individuals in the Commonwealth of Massachusetts who are unable to access and use the H&R Block Websites and online income tax preparation services because of a visual disability, hereinafter referred to as the "Massachusetts Subclass."

19.     The Individual Plaintiffs bring a claim under MERA on behalf of themselves and the Massachusetts Subclass. The Massachusetts Subclass is believed to consist of well over 115,000 members who are dispersed throughout Massachusetts. Joinder of all such Massachusetts Subclass members in this lawsuit is impractical.

20.     Common questions of law and fact predominate. These questions include:

a.      Whether the services offered by the H&R Block Websites constitute a program or activity within the Commonwealth;

b.      Whether the H&R Block Websites are fully accessible to blind consumers in the Commonwealth;

c.      Whether Defendants have excluded blind customers in the Commonwealth from the participation in and benefits of the H&R Block Websites or have subjected such blind consumers to discrimination in connection with the H&R Websites; and

       d.     What measures are legally required to bring the H&R Websites into compliance with MERA.

21.     The claims of the Individual Plaintiffs are typical of those of the Massachusetts Subclass and the Individual Plaintiffs will fairly and adequately represent the interests of the Massachusetts Subclass.

22.     Certification of a subclass under Fed. R. Civ. P. 23(b)(2) is appropriate because Defendants have acted or refused to act – and are continuing to act and refuse to act – on grounds generally applicable to the Massachusetts Subclass, in that the H&R Websites are inaccessible to all Massachusetts Subclass members and Defendants refuse to make the H&R Websites accessible to those Massachusetts Subclass members.  This makes appropriate final injunctive relief or corresponding declaratory relief – declaring Defendants to be in violation of MERA and ordering them to make the H&R Websites compliant with MERA – with respect to the Massachusetts Subclass as a whole.

## FACTUAL ALLEGATIONS

### Use of the Internet by the Blind

23.     For sighted and blind persons, the Internet is a significant source of information and education, a place for everyday activities such as shopping and research, and a means for conducting business.  The Internet offers a wealth of information, services, and products with instant availability and without the need to travel to engage in these activities.

24.     The blind access the Internet from personal computers by using keyboards in conjunction with screen access software, which vocalizes visual information on a computer screen or displays the content on a refreshable Braille display.  Such software provides the only method by which all blind persons can independently access the Internet and associated

computer software programs. Unless Internet applications and software are designed to allow for use with screen access software, blind persons are unable to fully access the information, products, and services offered through the Internet.

25.     Several screen access software programs are available to blind users of Windows and Apple operating system-enabled computers. The most popular screen access software is Job Access With Speech, or JAWS. For Apple users, the predominant screen access software is VoiceOver. While each software program may have differences in how the user operates the software, each requires that the information available over the Internet to sighted persons be capable of being rendered into text.

26.     There are well-established guidelines for making Internet applications and software accessible to blind users, regardless of the screen access software program employed. These guidelines have been in place for many years and have been followed successfully by other businesses in making their online goods and services accessible to the blind. The Web Accessibility Initiative, a project of the World Wide Web Consortium, which is the leading standards organization for the Internet, has developed guidelines for making accessible information on the Internet. The most current version of these guidelines, which the Department of Justice has proposed for express adoption in the applicable ADA regulations, is Web Content Accessibility Guidelines 2.0, Success Criteria AA (hereinafter, "WCAG 2.0 AA").

**H&R Block's Internet Websites and Applications**

27.     HRB Digital LLC and HRB Tax Group, Inc. own, operate, and control the H&R Block Websites. The Websites provide a wide variety of benefits and services to customers, including: online preparation and filing of income taxes, Second Look® review of previously filed tax returns, live conferencing with tax professionals to answer tax questions, articles and

tips regarding taxes, calculators, a blog on a variety of tax topics, instructional videos, information regarding H&R Block's mobile applications, investor information about the company, and office locations and contact information.

28.     Defendants' Websites make it possible for customers to efficiently, inexpensively, privately, and conveniently obtain information and process transactions relating to tax preparation.  As such, the Websites provide unique benefits and services.

29.     Defendants' Websites also complement Defendants' physical, "brick-and-mortar" retail locations, at least one of which Defendants' parent company claims exists within five miles of most U.S. taxpayers.  The Websites allow H&R Block customers to, among other things, begin their taxes online and then find a retail location and make an appointment to consult with a tax professional.

30.     Because the Websites are not designed and programmed so that they can be accessed nonvisually using screen access software, prospective blind customers attempting to use the H&R Block Websites, including the Plaintiffs, are unable to access all of the same information, enjoy all of the same benefits and services, and engage in all of the transactions available to sighted persons, including online tax preparation.  Vision is required to successfully use the H&R Block Websites.

31.     The H&R Block Websites contain barriers that prevent full and equal use by blind persons, including the Plaintiffs, using keyboards and screen access software.  These barriers are pervasive and include: the lack of alt-text on graphics, unlabeled or mislabeled buttons, unlabeled or mislabeled headings, unlabeled or mislabeled links, the lack of error messages, and other information, controls, and elements that are not detectable by screen access software.  These barriers are violations of WCAG 2.0 AA.

32.     It is impossible for a blind person using screen access software to independently prepare and file taxes using the H&R Block Websites.  The Websites thus contain access barriers which deny full and equal access to the Plaintiffs, who would otherwise use the Websites.

33.     Plaintiff Mika Pyyhkala attempted to access H&R Block's Websites using screen access software to prepare his personal income taxes for tax year 2012 prior to the deadline for doing so.  However, because of the aforementioned access barriers, Mr. Pyyhkala was unable to proceed past what purported to be the page for logging in to prepare his taxes.

34.     Plaintiff Lindsay Yazzolino attempted to access H&R Block's Websites using screen access software to prepare her personal income taxes for tax year 2012 prior to the deadline for doing so.  However, because of the aforementioned access barriers, Ms. Yazzolino was unable to proceed past what purported to be the page for logging in to prepare her taxes.

35.     Common technology and methods exist for Defendants to make their Websites accessible to the blind.  Various companies, both larger and smaller than Defendants, have used such technology and methods to make their websites accessible to the blind.

36.     On information and belief, Defendants are and have been long aware of both the access barriers that prevent blind customers from accessing their Websites, and the means by which its Websites could be made accessible.  Nevertheless, Defendants refuse to make their Websites accessible to the blind.

## COUNT I

### (Violation of the Americans with Disabilities Act, 42 U.S.C. § 12182)
### (On behalf of All Plaintiffs and the Nationwide Class)

37.     The allegations contained in the preceding paragraphs are incorporated by reference.

38.     Title III of the ADA guarantees that individuals with disabilities shall have full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

39.     Various members of the NFB who have been unable to access Defendants' Websites, the Individual Plaintiffs, and the Nationwide Class are legally blind and are individuals with disabilities under the ADA.

40.     The H&R Block Websites are places of public accommodation under the ADA because they are both a "sales or rental establishment" and an "office of an accountant . . . or other service establishment," or a part of either.  42 U.S.C. § 12181(7)(E), (F).

41.     The benefits provided by the H&R Block Websites, including online preparation and filing of income taxes, Second Look® review of previously filed tax returns, live conferencing with tax professionals to answer tax questions, articles and tips regarding taxes, calculators, a blog on a variety of tax topics, instructional videos, information regarding H&R Block's Mobile Apps, investor information about the company, and office locations and contact information are goods, services, facilities, privileges, advantages, or accommodations of the H&R Block Websites.

42.     The H&R Block Websites contain barriers, including violations of WCAG 2.0 AA, that prevent full and equal use by blind persons, including the Plaintiffs, using screen access software.

43.     The inaccessibility of the H&R Block Websites denies blind customers full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations that Defendants make available to the sighted public.  Defendants are systematically violating the ADA, in that Defendants are denying blind customers the benefits of access to their Websites. These violations are ongoing.

44.     As a result of Defendants' wrongful conduct, the NFB, the Individual Plaintiffs, and the Nationwide Class are entitled to injunctive relief pursuant to 42 U.S.C. § 12133 requiring Defendants to remedy the discrimination.

45.     The NFB, the Individual Plaintiffs, and the Nationwide Class are also entitled to reasonable attorneys' fees and costs.

## COUNT II

**(Violation of Article 114 of the Massachusetts Constitution, as enforced through the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103)**
**(On behalf of All Plaintiffs and the Massachusetts Subclass)**

46.     The allegations contained in the preceding paragraphs are incorporated by reference.

47.     The Individual Plaintiffs and the members of the Massachusetts Subclass are legally blind and are recognized as a protected class under Mass. Const. amend. CXIV and MERA.

48.     The goods and services offered through the H&R Block Websites in the Commonwealth constitute a program or activity under Mass. Const. amend. CXIV.

49.     The H&R Block Websites contain barriers, including violations of WCAG 2.0 AA, that prevent full and equal use by blind persons, including the Plaintiffs, using screen access software.

50.     The barriers on Defendants' Websites have excluded blind people in the Commonwealth from the participation in and benefits of the H&R Block Websites and has subjected the Individual Plaintiffs and the members of the Massachusetts Subclass to discrimination under Mass. Const. amend. CXIV and MERA.

51.     As a result of Defendants' conduct, the NFB, the Individual Plaintiffs, and the members of the Massachusetts Subclass are entitled to injunctive relief requiring Defendants to make their Websites accessible to blind individuals.

52.     The NFB, the Individual Plaintiffs, and the Massachusetts Subclass are also entitled to reasonable attorneys' fees and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs request that this Court:

A.     Certify the Nationwide Class and Massachusetts Subclass as soon as practicable;

B.     Enter a declaratory judgment that Defendants have violated Plaintiffs' rights under the ADA and MERA;

C.     Enter a permanent injunction to prohibit Defendants from violating the ADA and MERA;

D.     Award Plaintiffs their reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 12205 and Mass. Gen. Laws ch. 93, § 103(d); and

E.     Grant such other and further relief as the court may deem just and proper.

April 8, 2013


___/s/ Christine M. Netski_____     ___/s/ Gregory P. Care_____

Christine M. Netski

Sugarman, Rogers, Barshak & Cohen, P.C.

101 Merrimac Street

Boston, Massachusetts 02114-4737

Phone: 617-227-3030

Fax: 617-523-4001

netski@srbc.com

Daniel F. Goldstein (*pro hac vice* pending)

Gregory P. Care (*pro hac vice* pending)

Brown, Goldstein & Levy, LLP

120 E. Baltimore Street, Suite 1700

Baltimore, Maryland 21202

Phone: 410-962-1030

Fax: 410-385-0869

dfg@browngold.com

gpc@browngold.com

*Attorneys for Plaintiffs*

4823-2055-5539, v. 1