# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of its members and itself; and MIKA PYYHKALA and LINDSAY YAZZOLINO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HRB DIGITAL LLC and HRB TAX GROUP, INC.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 1:13-cv-10799-GAO |

## ANSWER OF DEFENDANTS HRB DIGITAL LLC AND HRB TAX GROUP, INC. TO CLASS ACTION COMPLAINT

HRB Digital LLC and HRB Tax Group, Inc. (Defendants) answer plaintiffs National Federation of the Blind, Mika Pyyhkala, and Lindsay Yazzolino's (together, Plaintiffs) Class Action Complaint as follows:

## PLAINTIFFS' AVERMENTS AND CLAIMS

### Answer to Averments Under "Introduction"

1.      In answering Paragraph 1, Defendants admit and aver that Plaintiffs purport to bring this action against Defendants for alleged civil rights violations regarding Internet websites.   Except as expressly admitted, Defendants deny each and every averment contained in Paragraph 1.

2.      In answering Paragraph 2, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to Averments Under "Jurisdiction"

3.      In answering Paragraph 3, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to Averments Under "Venue"

4.      In answering Paragraph 4, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to Averments Under "Parties"

5.      In answering Paragraph 5, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

6.      In answering Paragraph 6, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

7.      In answering Paragraph 7, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

8.      In answering Paragraph 8, Defendants admit and aver that HRB Digital LLC is a limited liability corporation duly incorporated under the laws of the State of Delaware; that HRB Digital LLC is an indirect subsidiary of H&R Block, Inc., a publicly traded corporation; and that HRB Digital LLC's principal physical place of business is Kansas City, Missouri.  Defendants aver that the remaining allegations of this paragraph—including those regarding the legal ownership, operation, or control of http://www.hrblock.com, http://taxes.hrblock.com, http://getitright.hrblock.com, and http://anotherlook.hrblock.com—contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

9.      In answering Paragraph 9, Defendants admit and aver that HRB Tax Group, Inc. is a Missouri corporation registered to do business in Massachusetts; that HRB Tax Group, Inc.

is an indirect subsidiary of H&R Block, Inc., a publicly traded corporation; and that HRB Tax

Group, Inc.'s principal physical place of business is Kansas City, Missouri.  Defendants aver that

the remaining allegations of this paragraph—including those regarding the legal ownership,

operation, or control of http://www.hrblock.com, http://taxes.hrblock.com,

http://getitright.hrblock.com, and http://anotherlook.hrblock.com—contain argument and legal

conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every

factual allegation contained in this paragraph.

10.     In answering Paragraph 10, Defendants lack knowledge or information sufficient

to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph.

11.     In answering Paragraph 11, Defendants lack knowledge or information sufficient

to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph.

### Answer to Averments Under "Class Action Allegations—Nationwide Class"

12.     In answering Paragraph 12, Defendants lack knowledge or information sufficient

to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph.

13.     In answering Paragraph 13, Defendants aver that the allegations of this paragraph

contain argument and legal conclusions that require no answer.  Unless expressly admitted,

Defendants deny each and every factual allegation contained in this paragraph.

14.     In answering Paragraph 14, Defendants aver that the allegations of this paragraph

contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

15.     In answering Paragraph 15, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

16.     In answering Paragraph 16, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

17.     In answering Paragraph 17, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

**<u>Answer to Averments Under "Class Action Allegations—Massachusetts Subclass"</u>**

18.     In answering Paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

19.     In answering Paragraph 19, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

20.     In answering Paragraph 20, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted,

Defendants deny each and every factual allegation contained in this paragraph.

21.     In answering Paragraph 21, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

22.     In answering Paragraph 22, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

**Answer to Averments Under "Factual Allegations—Use of the Internet by the Blind"**

23.     In answering Paragraph 23, Defendants admit and aver that the Internet may be a source of information and can facilitate shopping, research, and business.  To the extent any of the allegations in Paragraph 23 purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

24.     In answering Paragraph 24, Defendants admit and aver that certain software is available to facilitate the use of personal computers for blind individuals.  As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

25.      In answering Paragraph 25, Defendants admit and aver that certain software is available to facilitate the use of personal computers for certain functions by users who are blind,

including "Job Access With Speech" and VoiceOver.  As to the remaining allegations of this

paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth

of, and on that basis deny, each and every averment contained in this paragraph.

26.     In answering Paragraph 26, Defendants admit and aver that third parties have

proposed guidelines for use of personal computers and websites by blind individuals, including

the "Web Content Accessibility Guidelines 2.0."  Defendants aver that allegations regarding the

United States Department of Justice comprise argument and legal conclusions that require no

answer.  As to the remaining allegations of this paragraph, Defendants lack knowledge or

information sufficient to form a belief as to the truth of, and on that basis deny, each and every

averment contained in this paragraph.

### Answer to Averments Under "Factual Allegations—Use of the Internet by the Blind"

27.     In answering Paragraph 27, Defendants admit and aver that certain aspects of

http://www.hrblock.com, http://taxes.hrblock.com, http://getitright.hrblock.com, and

http://anotherlook.hrblock.com may be used to facilitate preparation and filing of income tax

returns. Defendants aver that the remaining allegations of this paragraph—including those

regarding the legal ownership, operation, or control of http://www.hrblock.com,

http://taxes.hrblock.com, http://getitright.hrblock.com, and http://anotherlook.hrblock.com—

contain argument and legal conclusions that require no answer.  Defendants further admit and

aver that, to the extent any of the allegations in this complaint purport to summarize or state the

contents of any website or other written material, which speak for themselves, Defendants deny

any characterization of such material that is not explicit in its content.  Except as expressly

admitted, Defendants deny each and every averment contained in this paragraph.

28.     In answering Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.  Defendants further admit and aver that to the extent any of the allegations in this complaint purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

29.     In answering Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.  Defendants further admit and aver that to the extent any of the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

30.     In answering Paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.  Defendants further admit and aver that to the extent any of the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

31.     In answering Paragraph 31, Defendants aver that the allegations of this paragraph

contain argument and legal conclusions that require no answer.

32.     In answering paragraph 32, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

33.     In answering Paragraph 33, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

34.     In answering Paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

35.     In answering Paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

36.     In answering Paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

**Answer to Averments Under "Count I (Violation of the Americans with Disabilities Act)"**

37.     In answering Paragraph 37, Defendants incorporate by reference each and every response to Paragraphs 1 through 36 as though set forth fully herein.

38.     In answering Paragraph 38, Defendants aver that the allegations of this paragraph

contain argument and legal conclusions that require no answer.  To the extent any of the allegations in Paragraph 38 purport to summarize or state the contents of any law, case, statute, or regulation, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

39.     In answering Paragraph 39, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

40.     In answering Paragraph 40, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  To the extent any of the allegations in Paragraph 40 purport to summarize or state the contents of any law, case, statute, or regulation, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

41.     In answering Paragraph 41, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

42.     In answering Paragraph 42, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

43.     In answering Paragraph 43, Defendants aver that the allegations of this paragraph

contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

44.     In answering Paragraph 44, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

45.     In answering Paragraph 45, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

**Answer to Averments Under "Count II (Violation of Mass. Gen. Laws ch. 93, § 103)"**

46.     In answering Paragraph 46, Defendants incorporate by reference each and every response to Paragraphs 1 through 45 as though set forth fully herein.

47.     In answering Paragraph 47, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

48.     In answering Paragraph 48, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

49.     In answering Paragraph 49, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

50.     In answering Paragraph 50, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

51.     In answering Paragraph 51, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

52.     In answering Paragraph 52, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to "Relief Sought"

Defendants deny each and every averment contained in the "Prayer for Relief," including Paragraphs A through E therein.

### DEFENDANTS' FURTHER AND SEPARATE DEFENSES

Defendants, without alleging or admitting that they carry the applicable burden of proof or persuasion concerning any of these matters, assert the following further defenses to the complaint and the purported claims for relief contained therein.

### First Further and Separate Defense
#### (Failure to State a Claim)

1.     Plaintiffs (together and individually) fail to state a claim against Defendants upon which relief can be granted.  Defendants make their websites and tax preparation products available to all subscribers on the same basis and do not treat any vision-impaired subscribers differently on the basis of their disability.  Defendants comply with any and all applicable statutes, regulations, and other laws.  To the extent federal agencies are currently promulgating

applicable regulations, Defendants will fully comply with such regulations when they become

effective.  Neither Defendants nor their websites and tax preparation products are a "place of

public accommodation" under the Americans with Disabilities Act, nor do they come within the

ambit of Massachusetts General Law chapter 93, § 103.  Thus, Plaintiffs' complaint does not

support a viable claim for relief.

### Second Further and Separate Defense
**(Lack of Constitutional Standing)**

2.      Plaintiffs (together and individually) lack constitutional standing to pursue any

claim against Defendants.  Plaintiffs are not subscribers to Defendants' websites and tax

preparation products, have not been exposed to Defendants' websites and tax preparation

products, and therefore have not, and cannot have, suffered a concrete and particularized injury-

in-fact resulting from Defendants' conduct.  Thus, Plaintiffs' complaint does not support a viable

claim for relief.

### Third Further and Separate Defense
**(Lack of Statutory Standing)**

3.      Plaintiffs (together and individually) lack statutory standing to pursue any claim

against Defendants under the standing requirements of the Americans with Disabilities Act or

Massachusetts General Law chapter 93, § 103.  Plaintiffs are not subscribers to Defendants'

websites and tax preparation products, have not been exposed to Defendants' websites and tax

preparation products programs' content, and have not, and cannot have, experienced—and have

no "actual notice" of—any discrimination resulting from Defendants' websites and tax

preparation products.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

**Fourth Further and Separate Defense**
**(Compliance With Laws, Regulations, and Accessibility Standards)**

4.      Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103, against Defendants

because Defendants comply with any and all applicable statutes, regulations, accessibility

standards, and other laws and standards regarding accessibility of websites and tax preparation

products.  Defendants make their websites and tax preparation products accessible to the extent it

is economically or technologically feasible.  Further, Defendants make their websites and tax

preparation products available to all registered subscribers on the same basis and do not treat any

subscribers with disabilities differently on the basis of their disability.  To the extent federal

agencies are currently promulgating applicable regulations, Defendants will fully comply with

such regulations when they become effective.  Thus, Plaintiffs' complaint does not support a

viable claim for relief.

**Fifth Further and Separate Defense**
**(Nondiscriminatory Legitimate Business Reasons)**

5.      Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because Defendants make their websites and tax preparation products programs accessible

consistent with nondiscriminatory legitimate business reasons, and to the extent it is

economically or technologically feasible.  Defendants make their websites and tax preparation

products programs available to all registered subscribers on the same basis and do not treat any

subscribers with disabilities differently on the basis of their disability.  Defendants comply with

any and all applicable statutes, regulations, and other laws.  To the extent federal agencies are

currently promulgating applicable regulations, Defendants will fully comply with such

regulations when they become effective.  Thus, Plaintiffs' complaint does not support a viable

claim for relief.

## Sixth Further and Separate Defense
### (Lack of Disparate Treatment)

6.       Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because Defendants do not treat disabled and non-disabled individuals disparately.  Defendants

make their websites and tax preparation products programs accessible consistent with

nondiscriminatory legitimate business reasons, and to the extent it is economically or

technologically feasible.  Defendants make their websites and tax preparation products programs

available to all registered subscribers on the same basis and do not treat any subscribers with

disabilities differently on the basis of their disability.  Defendants comply with any and all

applicable statutes, regulations, and other laws.  To the extent federal agencies are currently

promulgating applicable regulations, Defendants will fully comply with such regulations when

they become effective.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

## Seventh Further and Separate Defense
### (Private Club or Establishment Exemption)

7.       Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because Defendants' websites and tax preparation products programs amount to a private club or

establishment subject to exemption.  Defendants' websites and tax preparation products

programs are available to applicants on a subscription-only basis, not to the general public and

not as a place of public accommodation.  Defendants make their websites and tax preparation

products programs available to all registered subscribers on the same basis and do not treat any

subscribers with disabilities differently on the basis of their disability.  Thus, Plaintiffs'

complaint does not support a viable claim for relief.

## Eighth Further and Separate Defense
### (Existence of Auxiliary Aids and Services)

8.     Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because Defendants' websites and tax preparation products programs satisfy any requirements

for auxiliary aids and services to disabled individuals.  Defendants make their websites and tax

preparation products programs accessible consistent with nondiscriminatory legitimate business

reasons, and to the extent it is economically or technologically feasible. Defendants make their

websites and tax preparation products programs available to all registered subscribers on the

same basis and do not treat any subscribers with disabilities differently on the basis of their

disability.  To the extent federal agencies are currently promulgating applicable regulations,

Defendants will fully comply with such regulations when they become effective.  Thus,

Plaintiffs' complaint does not support a viable claim for relief.

## Ninth Further and Separate Defense
### (Requested Relief Not Readily Achievable)

9.     Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because—to the extent the website and tax preparation product are not already fully accessible—

the relief requested is not readily achievable.  Defendants make their websites and tax

preparation products accessible to the extent it is economically or technologically feasible.

Requiring Defendants to redesign its website and tax preparation products immediately to adopt

the requirements Plaintiffs propose would require Defendants to achieve the impossible given

current technology coupled with its proprietary tax preparation methods and programs, and could significantly reduce the amount, quality, and security of available website and tax preparation options.  In addition, adopting Plaintiffs' proposed requirements would fundamentally alter and weaken security features of Defendants' websites and tax preparation products.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

## Tenth Further and Separate Defense
### (Fundamental Alteration of Activities)

10.     Plaintiffs (together and individually) may not pursue a claim under the Americans with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants because—to the extent the website and tax preparation product are not already fully accessible—the relief requested requires a fundamental alteration of Defendants' activities.  Defendants make their websites and tax preparation products accessible to the extent it is economically or technologically feasible.  Requiring Defendants to redesign its website and tax preparation products immediately to adopt the requirements Plaintiffs propose would require Defendants to achieve the impossible given current technology coupled with its proprietary tax preparation methods and programs, and could significantly reduce the amount and quality of available website and tax preparation options.  In addition, adopting Plaintiffs' proposed requirements would fundamentally alter and weaken security features of Defendants' websites and tax preparation products.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

## Eleventh Further and Separate Defense
### (Undue Burden or Hardship—Costs of Accessibility)

11.     Plaintiffs (together and individually) may not pursue a claim under the Americans with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants because—to the extent the website and tax preparation product are not already fully accessible—

the relief requested would impose undue economic burden or hardship on Defendants.

Defendants make their websites and tax preparation products programs accessible to the extent it

is economically or technologically feasible.  Requiring Defendants to redesign its website and

tax preparation products immediately to adopt the requirements Plaintiffs propose would require

Defendants to achieve the impossible given current technology coupled with its proprietary

website and tax preparation methods and programs, and could significantly reduce the amount,

quality, and security of available tax preparation options.  Thus, Plaintiffs' complaint does not

support a viable claim for relief.

### Twelfth Further and Separate Defense
### (Undue Burden or Hardship—Compliance with Conflicting Laws and Regulations)

12.     Plaintiffs (together and individually) may not pursue a claim under the Americans

with Disabilities Act or Massachusetts General Law chapter 93, § 103 against Defendants

because the relief requested would impose an undue burden or hardship on Defendants by

requiring them to comply with conflicting requirements.  The relevant statutes do not impose any

accessibility requirements to the Internet.  To the extent the United States Department of Justice

is promulgating regulations concerning accessibility of Internet-based content, Defendants intend

to comply fully with such regulations when they become effective.  Meanwhile, Plaintiffs'

demands that the Court order Defendants to provide additional means of accessibility—

regardless of federal regulations or statutory guidelines—imposes on Defendants the undue

burden of having to comply with both federal regulations and Plaintiffs' conflicting demands.

Thus, Plaintiffs' complaint does not support a viable claim for relief.

### Thirteenth Further and Separate Defense
### (Individualized Issues Not Appropriate for Class-Wide Relief)

13.     Plaintiffs  may not pursue class claims under the Americans with Disabilities Act

or Massachusetts General Law chapter 93, § 103 against Defendants because individualized

claims predominate and the Court cannot determine class members.  To the extent Plaintiffs and

class members are bound by applicable arbitration agreements, do not suffer the same disabilities

as other Plaintiffs or class members, have different accessibility experiences from other Plaintiffs

and class members, or have different user experiences from those alleged by Plaintiffs, Plaintiffs

and class members cannot state class claims, cannot obtain class certification, and cannot seek

class-wide relief.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

### Fourteenth Further and Separate Defense
**(Lack of Causation)**

14.     Plaintiffs (together and individually) may not pursue any claim against

Defendants because Defendants did not cause any harm Plaintiffs allegedly suffered.  Plaintiffs

are not subscribers to Defendants' websites and tax preparation products programs, have not

been exposed to Defendants' websites and tax preparation products program content, and

therefore have not, and cannot have, suffered any harm caused by Defendants' conduct.

Plaintiffs' alleged injury, if any, was caused by intervening or superseding causes that are not

attributable to or foreseeable by Defendants.  Thus, Plaintiffs' complaint does not support a

viable claim for relief.

### Fifteenth Further and Separate Defense
**(Lack of Injury)**

15.     Plaintiffs (together and individually) may not pursue any claim against

Defendants because Plaintiffs have not suffered any injury.

### Sixteenth Further and Separate Defense
**(Consent and Authorization)**

16.     Plaintiffs (together and individually) may not pursue any claim against

Defendants because Plaintiffs expressly or by their conduct approved, authorized, ratified,

permitted, voluntarily agreed to, or consented to the conduct alleged in the complaint.

### Seventeenth Further and Separate Defense
### (Failure to Mitigate Harm)

17.     Plaintiffs (together and individually) may not pursue any claim against

Defendants because Plaintiffs had a duty to exercise reasonable efforts to mitigate harm.

### Eighteenth Further and Separate Defense
### (Waiver)

18.     Plaintiffs (together and individually) have waived any right to pursue or obtain the

relief sought in the complaint.

### Ninteenth Further and Separate Defense
### (Estoppel)

19.     Plaintiffs (together and individually) are estopped by their own conduct from

seeking or obtaining any of the relief sought in the complaint.

### Twentieth Further and Separate Defense
### (Unclean Hands)

20.     Plaintiffs (together and individually) are barred by the doctrine of unclean hands

from seeking or obtaining any of the relief sought in the complaint.

### Twenty-First Further and Separate Defense
### (Injunctive Relief—Vague, Overbroad, and Unduly Subjective)

21.     Plaintiffs (together and individually) are not entitled to the injunctive relief they

seek because it is too vague, overly broad, and unduly subjective for enforcement by the Court.

Plaintiffs seek an unspecified injunctive relief, the vagueness of which would leave Defendants

unable to comply with Plaintiffs' request, which is subject to unreasonably subjective

interpretation.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

### Twenty-Second Further and Separate Defense
### (Injunctive Relief—Conflict with Regulation and Legislation)

22.     Plaintiffs (together and individually) are not entitled to the injunctive relief they seek because it conflicts with federal regulations and legislation. To the extent the United States Department of Justice is promulgating regulations concerning accessibility of Internet-based content, Plaintiffs' demands that the Court order Defendants to provide  unspecified accessibility—regardless of federal regulations—impermissibly circumvents those legislative and regulatory mandates.

### Twenty-Third Further and Separate Defense
### (Injunctive Relief—Adequacy of Legal Remedy)

23.     Plaintiffs (together and individually) are not entitled to the injunctive relief they seek because Plaintiffs had adequate remedies at law for the harm they allege in the complaint.

### Twenty-Fourth Further and Separate Defense
### (Declaratory Relief—Conflict with Regulation and Legislation)

24.     Plaintiffs (together and individually) are not entitled to the declaratory relief they seek because it conflicts with federal regulations and legislation. To the extent the United States Department of Justice is promulgating regulations concerning accessibility of Internet-based content.  Plaintiffs' demands that the Court declare Defendants' conduct in violation of federal law improperly ignores those legislative and regulatory mandates.  Thus, Plaintiffs' complaint does not support a viable claim for relief.

### Twenty-Fifth Further and Separate Defense
### (Declaratory Relief Unavailable)

25.     Plaintiffs (together and individually) are not entitled to the declaratory relief they seek because such relief is not available to Plaintiffs under the claims alleged in the complaint.

**Twenty-Sixth Further and Separate Defense**
**(Attorney's Fees)**

26.     Plaintiffs (together and individually) are barred from recovering attorney's fees because Plaintiffs fail to satisfy any standards permitting recovery of attorney's fees.

**Twenty-Seventh Further and Separate Defense**
**(Additional Affirmative Defenses)**

27.     Defendants reserve the right to assert any and all other defenses pending the outcome of further investigation and discovery in this action.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing for any claim for relief averred in the complaint;

2.     That judgment on the complaint, and each and every claim for relief therein, be entered in favor of Defendants and against Plaintiffs;

3.     That Defendants be awarded its attorneys' fees and costs incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

Dated:    July 12, 2013                          Respectfully submitted,

                                                 **HRB Digital LLC and HRB Tax Group, Inc.**
                                                 By its attorneys,

                                                 _____/s/ Julie O'Neill_____
                                                 Julie O'Neill (BBO # 456853)
                                                 MORRISON & FOERSTER LLP
                                                 2000 Pennsylvania Ave., NW
                                                 Washington, DC 20006
                                                 Telephone:        202.887.1500
                                                 Facsimile:        202.887.0763


                                                 Of Counsel:

                                                 David F. McDowell, CA Bar No. 125806
                                                 (*pro hac vice* application pending)
                                                 Jacob M. Harper, CA Bar No. 259463

- 21 -

(*pro hac vice* application pending)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
Telephone:        213.892.5200
Facsimile:        213.892.5454

## CERTIFICATE OF SERVICE

I, Julie O'Neill, hereby certify that a copy of the foregoing document has been served upon all opposing counsel of record by ECF on this 12th day of July, 2013.

/s/ Julie O'Neill
Julie O'Neill