UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of its members and itself; and MIKA PYYHKALA and LINDSAY YAZZOLINO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-10799-GAO |
| HRB DIGITAL LLC and HRB TAX GROUP, INC., | ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| HRB DIGITAL LLC,  and HRB TAX GROUP INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**COMPLAINT IN INTERVENTION**

Plaintiff-Intervenor United States of America ("United States") submits this Complaint in

Intervention and alleges, upon information and belief, the following:

**INTRODUCTION**

1.      The United States brings this action to enforce Title III of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, as amended, and its implementing

regulation, 28 C.F.R. pt. 36, against HRB Digital LLC and HRB Tax Group, Inc. (collectively referred to as "Defendants").

2.      Defendants discriminate against individuals with disabilities in the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in violation of Title III of the ADA and its implementing regulation.

3.      Individuals with disabilities, including but not limited to individuals who are blind or have low vision, individuals who are deaf or hard of hearing, and individuals who have mobility disabilities, use and require assistive technologies to interact with computers and websites.  Assistive technologies include, for example, screen reader software, refreshable Braille displays, captioning, and keyboard navigation.  Screen reader software makes audible information that is otherwise presented visually on a computer screen; refreshable Braille displays convert online information to Braille on a peripheral hardware device; captioning translates video narration and sounds into text; and keyboard navigation allows keyboard input rather than a mouse to navigate a website.

4.      Specifically, Defendants have failed to ensure the accessibility of www.hrblock.com and its subdomains (collectively referred to as "www.hrblock.com"), and, as a result, individuals with disabilities, including those who require assistive technologies, cannot access the information, enjoy the services, or take advantage of the benefits offered through Defendants' website.

5.      Such discrimination persists notwithstanding the existence of readily available, well-established, consensus-based guidelines for delivering Web content in an accessible format – the Web Content Accessibility Guidelines 2.0 ("WCAG 2.0"), which are available at http://www.w3.org/TR/WCAG20/.

6.     The Attorney General has commenced this action based on reasonable cause to believe that Defendants are engaged in a pattern or practice of discrimination and that a person or group of persons has been discriminated against and that such discrimination raises issues of general public importance.  42 U.S.C. § 12188(b)(1)(B).  The United States seeks declaratory and injunctive relief, monetary damages, and civil penalties against Defendants.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.  This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).

8.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

9.     Plaintiff-Intervenor is the United States of America.

10.     Plaintiff National Federation of the Blind ("NFB") is a non-profit organization organized under the laws of the District of Columbia with its principal place of business in Baltimore, Maryland.  NFB has affiliates in all fifty states, the District of Columbia, and Puerto Rico.  The vast majority of its approximately 50,000 members are individuals with vision disabilities.

11.     Plaintiff Mika Pyyhkala is a resident of Massachusetts, is blind, and is a member of the NFB and the Massachusetts chapter of the NFB.  Mr. Pyyhkala works in the field of technical operations at Neighborhood Health Plan in Boston.  Mr. Pyyhkala is an individual with

a disability within the meaning of Title III of the ADA.  Mr. Pyyhkala has a physical impairment that substantially limits the major life activity of seeing.  42 U.S.C. § 12102(1); 28 C.F.R. § 36.104.

12.     Plaintiff Lindsay Yazzolino is a resident of Massachusetts, is blind, and is a member of the NFB and the Massachusetts chapter of the NFB.  Ms. Yazzolino is a researcher at Massachusetts Eye and Ear Infirmary in Boston.  Ms. Yazzolino is an individual with a disability within the meaning of Title III of the ADA.  Ms. Yazzolino has a physical impairment that substantially limits the major life activity of seeing.  42 U.S.C. § 12102(1); 28 C.F.R. § 36.104.

13.     Defendant HRB Digital LLC ("HRB Digital") is a Delaware limited liability company with its physical place of business in Kansas City, Missouri.  HRB Digital is a subsidiary of H&R Block, Inc., a publicly held corporation based in Missouri.  HRB Digital has control over, is responsible for, and owns content provided through www.hrblock.com.

14.     Defendant HRB Tax Group, Inc. ("HRB Tax Group"), a Missouri corporation registered to do business in Massachusetts, also is a subsidiary of H&R Block, Inc.  HRB Tax Group owns and operates tax preparation locations within Massachusetts and throughout the United States.  It is responsible for services provided via www.hrblock.com and its subdomains.

## FACTS

15.     Defendants are among the largest tax return preparers in the United States.  A substantial portion of the Defendants' tax return preparation business is provided through www.hrblock.com.

16.     Defendants provide a variety of goods, services, privileges, advantages, and accommodations via www.hrblock.com, including:

        a.      An online tax preparation and filing service;

4

     b.     A service in which Defendants conduct an online review of previously-filed tax returns through the "Second Look" function;

     c.     A downloadable program to prepare taxes without an Internet connection;

     d.     A blog with tax-related information;

     e.     Instructional videos;

     f.     Office location information;

     g.     A service referred to as "Block Live," which remotely connects customers to tax professionals through video conference, phone, and chat – including tax professionals located in H&R Block offices throughout the United States and Massachusetts; and

     h.     The ability to begin to fill out tax forms online and then to make an appointment to consult with a tax professional to assist in finishing the tax filing.

17.     Defendants offer these goods, services, privileges, advantages, and accommodations via [www.hrblock.com](www.hrblock.com) primarily through a visual interface.  Audiovisual presentations on the website explain and provide instruction with respect to products and services.  The website often requires the use of a computer mouse to download information or to obtain services.

18.     Individuals with disabilities interact with computers and the Web through various assistive technologies, including screen reader software programs, refreshable Braille displays, keyboard navigation, and captioning.  Such technologies have been available and widely used for decades.  In order for the technologies to function properly for the users, a website must be designed to be accessible.  For example, for screen reader software or refreshable Braille

displays to work properly, information on a website must be capable of being converted into text, which is then read aloud to the user or turned into Braille.

19.     Defendants have failed to ensure that www.hrblock.com permits accurate and effective communication of the website's information using, among others, screen reader software programs, refreshable Braille displays, captioning, and keyboard navigation.

20.     For example:

        a.     Images lack associated and otherwise invisible alternative text or labeling that convey the meaning of a particular image to an individual who is blind and is using assistive technology.  Accordingly, individuals with vision disabilities that use screen reader software and/or refreshable Braille displays, including Plaintiffs, cannot even create an account, access an account, or begin to prepare taxes because of unlabeled or inaccurately labeled images.

        b.     Menus are not keyboard accessible, including the main pop-up navigation menu for www.hrblock.com, so individuals with disabilities who cannot use a computer mouse, such as individuals with physical disabilities who cannot manipulate the mouse, and individuals with visual disabilities who cannot follow the connection between the mouse movement and the cursor, are unable to effectively and equally navigate the website.

        c.     Forms, such as those to input a user's contact information or to create an account, are not accurately labeled.  As a result, blind individuals using screen readers cannot determine what information to input, and where to input that information.

        d.     Error messages are provided only in a visual format, precluding individuals with vision disabilities from identifying and understanding input errors.  For

example, if a password is entered incorrectly, the error message cannot be captured by a screen reader so individuals who are blind are not made aware of errors.

e.      Even if a screen reader user is able to successfully log in, buttons used to prepare taxes and move from one webpage to the next are not properly labeled.

f.      The "Block Live" function lacks accurate alternative text labels, including for the pop-up window to select a tax professional with whom to communicate.

g.      Videos lack audio descriptions and rely on visual access.

h.      Checkboxes used to determine which components of the Defendants' tax preparation services are relevant to an individual user are not accessible because they do not have accurate alternative text labels.

i.      Audiovisual materials lack captioning, which makes the audio narration inaccessible to individuals who are deaf or hard of hearing.

21.    Industry guidelines for designing and programming websites to work with assistive technologies, including screen reader software, refreshable Braille displays, keyboard input, and captioning exist and are set forth in the freely available WCAG 2.0.  WCAG 2.0 is regularly used by companies that own and operate websites to make content accessible to individuals with disabilities.

22.    Notwithstanding the existence of such readily available guidance, Defendants have failed to ensure that www.hrblock.com and its subdomains are accessible to individuals with disabilities.

23.    Defendants operate thousands of retail locations throughout the country that provide similar, if not identical, tax services to those provided through www.hrblock.com.

24.     Some of the tax services provided though www.hrblock.com directly link online customers to tax professionals at Defendants' retail locations.  For instance, the "Block Live" service connects online customers to tax professionals through video conference, phone, and chat – including tax professionals located in its brick-and-mortar stores.  Other functions allow online users to find H&R Block tax professionals in their area.

25.     Plaintiff Mika Pyyhkala attempted to access www.hrblock.com using screen reader software to prepare his personal income taxes for tax year 2012.  However, Mr. Pyyhkala was unable to proceed past the log-in page because Defendants failed to program the website to enable a person with a disability who uses a screen reader software program or refreshable Braille display to navigate the site and enjoy its services.

26.     Plaintiff Lindsay Yazzolino attempted to access www.hrblock.com using screen reader software to prepare her personal income taxes for tax year 2012.  However, Ms. Yazzolino was unable to proceed past the log-in page because Defendants failed to program the website to enable a person with a disability who uses a screen reader software program or refreshable Braille display to navigate the site and enjoy its services.

27.     Defendants advertise and provide a range of benefits via www.hrblock.com, including flexibility, convenience, support, security, independence, and cost-savings, all of which significantly enhance the opportunities for millions of tax filers to meet their tax obligations.  Both Mr. Pyyhkala and Ms. Yazzolino spent considerable time and effort attempting to avail themselves of these benefits.  However, because of the inaccessibility of www.hrblock.com, Mr. Pyyhkala and Ms. Yazzolino were denied these benefits; were frustrated; and were required to use alternate means to prepare and file their taxes, including means that deprived them of the ability to independently and privately file their taxes.

## VIOLATION OF TITLE III OF THE ADA, 42 U.S.C. §§ 12181 *et seq.*

28.     The allegations contained in the preceding paragraphs are incorporated by reference.

29.     Title III of the ADA and its implementing regulation prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

30.     Defendants are private entities whose operations affect commerce; they own and/or operate service establishments, including www.hrblock.com and its retail locations, that provide tax assistance to members of the public.  42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. §§ 36.104, 36.201(a).

31.     Defendants provide tax services that permit customers to begin using Defendants' services online through www.hrblock.com, such as preparing taxes or reviewing past returns, and then completing such services at Defendants' retail locations.

32.     Defendants have discriminated and continue to discriminate against individuals with disabilities on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations, including denying them the ability to independently prepare and file taxes online, download tax preparation software, find tax professionals, obtain information from the website's blog, obtain information from instructional videos, obtain a "Second Look" review of previous years' taxes, and have taxes prepared in real time by a tax preparer via the "Block Live" function.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

33.     Specifically, Defendants have violated and continue to violate Title III and its implementing regulation by:

      a.     Denying individuals who have  disabilities, including Plaintiffs Mika Pyyhkala and Lindsay Yazzolino, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations provided through www.hrblock.com and its subdomains, 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

      b.     Providing individuals with disabilities, including Plaintiffs Mika Pyyhkala and Lindsay Yazzolino, an unequal opportunity to participate in or benefit from the goods services, privileges, advantages, and accommodations provided through www.hrblock.com and its subdomains, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b);

      c.     Failing to take the necessary steps to ensure that individuals with disabilities, including Plaintiffs Mika Pyyhkala and Lindsay Yazzolino, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303; and

      d.     Utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of others who are subject to common administrative control, 42 U.S.C. § 12182(D); 28 C.F.R. § 36.204.

34.     There are victims of the Defendants' discriminatory conduct or actions that are aggrieved persons within the meaning of 42 U.S.C. § 12188(b)(2)(B).

35.     As a result of Defendants' actions and/or omissions, individuals with disabilities, including Plaintiffs, have experienced frustration, additional burden, and marginalization; are unable to independently prepare their taxes via www.hrblock.com; and have been required to find alternative methods to file taxes.

36.     By the conduct set forth in the preceding paragraphs, the Attorney General has reasonable cause to believe that Defendants have:

      a.     Engaged in a pattern or practice of discrimination, in violation of 42 U.S.C. § 12188(b)(1)(B)(i); and

      b.     Discriminated against Mika Pyyhkala, Lindsay Yazzolino, and other individuals with disabilities, and such discrimination raises an issue of general public importance, in violation of 42 U.S.C. § 12188(b)(1)(B)(ii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor United States prays that the Court:

37.     Grant judgment in favor of the United States and declare that Defendants' discriminatory actions and/or omissions as set forth in this Complaint violate Title III of the ADA, 42 U.S.C. §§ 12181-12189, and the Department of Justice's implementing regulation, 28 C.F.R. pt. 36;

38.     Enjoin Defendants, along with their officers, agents, and employees, and all others in active concert or participation with them, from:

      a.     Engaging in discriminatory acts and/or omissions against individuals with disabilities; and

      b.      Designing, programming, modifying, or altering www.hrblock.com or online services in a manner that is inaccessible to individuals with disabilities within the meaning of title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36.

39.     Order Defendants to:

      a.      Comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36;

      b.      Provide appropriate auxiliary aids and services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of www.hrblock.com  and online services to individuals with disabilities, 42 U.S.C. § 12188(b)(2)(A)(i)-(ii); 28 C.F.R. § 36.504(a)(1)(i)-(ii);

      c.      Take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of the Defendants' discriminatory conduct to the position that he or she would have been in but for the Defendants' conduct; and

      d.      Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct.

40.     Award monetary damages to aggrieved persons, in an appropriate amount for injuries suffered as the result of Defendants' failure to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36;

41.     Assess a civil penalty against each of the Defendants in an amount authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest; and

42.     Order such other relief as the interests of justice may require.


Respectfully submitted,


PLAINTIFF
United States of America

By its attorneys:

/s/ Jocelyn Samuels
JOCELYN SAMUELS
Acting Assistant Attorney General
BECKY L. MONROE
Senior Counselor to the Assistant Attorney
General
Civil Rights Division

REBECCA B. BOND, Chief
SHEILA M. FORAN, Special Legal Counsel
AMANDA MAISELS, Acting Deputy Chief
Disability Rights Section

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts


/s/ Eugenia Esch
EUGENIA ESCH, Trial Attorney

/s/ Stephen P. Heymann
STEPHEN P. HEYMANN
SONYA A. RAO
Assistant United States Attorneys
United States Attorney's Office
U.S. Department of Justice
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA  02210
617-748-3100
Stephen.Heymann@usdoj.gov
ATTORNEY TO BE NOTICED

/s/ William F. Lynch
WILLIAM F. LYNCH, Trial Attorney
JOSHUA MENDELSOHN, Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – NYA
Washington, D.C. 20530
(202) 305-2008 (Lynch)
(202) 305-9775 (Fax)
Eugenia.Esch@usdoj.gov
William.Lynch@usdoj.gov
Josh.Mendelsohn@usdoj.gov
ATTORNEYS TO BE NOTICED


Dated:  December 11, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ William F. Lynch
WILLIAM F. LYNCH
Dated:   December 11, 2013          Trial Attorney