# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of its members and itself; and MIKA PYYHKALA and LINDSAY YAZZOLINO, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>HRB DIGITAL LLC and<br>HRB TAX GROUP, INC.,<br><br>　　　　　Defendants. | Civil Action No. 1:13-cv-10799-GAO |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　vs.<br><br>HRB DIGITAL LLC and<br>HRB TAX GROUP, INC.,<br><br>　　　　　Defendants. | |

**DEFENDANTS HRB DIGITAL LLC'S AND HRB TAX GROUP,
INC.'S ANSWER TO PLAINTIFF-INTERVENOR'S
COMPLAINT IN INTERVENTION**

HRB Digital LLC and HRB Tax Group, Inc. (Defendants) answer the complaint in intervention of the United States of America (Plaintiff-Intervenor) as follows:

## PLAINTIFF-INTERVENORS AVERMENTS AND CLAIMS

### Answer to Averments Under "Introduction"

1. In answering Paragraph 1, Defendants aver that the United States purports to bring this action against Defendants to enforce Title III of the Americans with Disabilities Act (ADA). Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

2. In answering Paragraph 2, Defendants deny each and every factual allegation contained in this paragraph.

3. In answering Paragraph 3, Defendants are informed and believe that certain software is available to facilitate the use of personal computers for disabled individuals. As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

4. In answering Paragraph 4, Defendants deny each and every factual allegation contained in this paragraph.

5. In answering Paragraph 5, Defendants admit that third parties have proposed guidelines for use of personal computers and websites by blind individuals, including the "Web Content Accessibility Guidelines 2.0." Except as expressly admitted, Defendants deny each and every averment contained in Paragraph 5.

6. Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to Averments Under "Jurisdiction and Venue"

7. In answering Paragraph 7, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

8. In answering Paragraph 8, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

### Answer to Averments Under "Parties"

9. In answering Paragraph 9, Defendants admit that Plaintiff-Intervenor is the United States of America.

10. In answering Paragraph 10, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

11. In answering Paragraph 11, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

12. In answering Paragraph 12, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph.

13. In answering Paragraph 13, Defendants admit that HRB Digital LLC is a limited liability corporation duly incorporated under the laws of the State of Delaware; that HRB Digital LLC is an indirect subsidiary of H&R Block, Inc., a publicly traded corporation; and that HRB Digital LLC's principal physical place of business is Kansas City, Missouri. Defendants aver that the remaining allegations of this paragraph—including those regarding the legal ownership, operation, or control of http://www.hrblock.com and content offered through it—contain argument and legal conclusions that require no answer. Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

14. In answering Paragraph 14, Defendants admit that HRB Tax Group, Inc. is a Missouri corporation registered to do business in Massachusetts; and that HRB Tax Group, Inc. is an indirect subsidiary of H&R Block, Inc. Defendants aver that the remaining allegations of this paragraph—including those regarding responsibility for services provided through http://www.hrblock.com and its subdomains, and those regarding the ownership and operation of tax preparation locations—contain argument and legal conclusions that require no answer. Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

## Answer to Averments Under "Factual Allegations"

15. In answering Paragraph 15, Defendants aver that HRB Tax Group, Inc. manages and administers tax preparation operations. Unless expressly admitted, Defendants deny each and every factual allegation contained in this paragraph.

16. In answering Paragraph 16, Defendants admit that http://www.hrblock.com may be used to facilitate preparation and filing of income tax returns. Defendants aver that the remaining allegations of this paragraph contain argument and legal conclusions that require no answer. Defendants further aver that, to the extent any of the allegations in this complaint purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content. Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

17. In answering Paragraph 17, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer and on that basis deny the argumentation and conclusions contained in this paragraph. Defendants further aver that the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves. Defendants deny any characterization of such material that is not explicit in its content.

18. In answering Paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the factual allegations contained in this paragraph.

19. In answering Paragraph 19, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer, and on that basis deny the allegations contained in this paragraph.

20. In answering Paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph. Defendants further aver that to the extent any of the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content. On these bases, Defendants deny each and every averment contained in this paragraph.

21. In answering Paragraph 21, Defendants admit that third parties have proposed guidelines for use of personal computers and websites by blind individuals, including the "Web Content Accessibility Guidelines 2.0." Except as expressly admitted, Defendants deny each and every averment contained in Paragraph 21.

22. In answering Paragraph 22, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

23. In answering Paragraph 23, Defendants aver that HRB Tax Group, Inc. manages and administers tax preparation operations. Defendants further aver that to the extent any of the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content. Except as expressly admitted, Defendants deny each and every averment contained in this paragraph.

24. In answering Paragraph 24, Defendants aver that, to the extent any of the allegations in this complaint purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content. On these bases, Defendants deny each and

every averment contained in this paragraph.

25. In answering Paragraph 25, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

26. In answering Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph.

27. In answering Paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in this paragraph concerning Plaintiffs. Defendants further aver that, to the extent any of the allegations in this complaint purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content. On these bases, Defendants deny each and every averment contained in this paragraph.

**Answer to Averments Under "Violation of Title III of ADA, 42 U.S.C. §§ 12181 *et seq.*"**

28. In answering Paragraph 28, Defendants incorporate by reference each and every response to Paragraphs 1 through 27 as though set forth fully herein.

29. In answering Paragraph 29, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer.  To the extent any of the allegations in Paragraph 29 purport to summarize or state the contents of any law, case, statute, or regulation, which speak for themselves, Defendants deny any characterization

of such material that is not explicit in its content. On these bases, Defendants deny each and every factual allegation contained in this paragraph.

30. In answering Paragraph 30, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

31. In answering Paragraph 31, Defendants aver HRB Tax Group, Inc. manages and administers tax preparation operations. Defendants aver that to the extent the allegations in this paragraph purport to summarize or state the contents of any website or other written material, which speak for themselves, Defendants deny any characterization of such material that is not explicit in its content.

32. In answering Paragraph 32, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

33. In answering Paragraph 33, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

34. In answering Paragraph 34, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

35. In answering Paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, each and every averment contained in

this paragraph concerning Plaintiffs. Defendants further aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every remaining factual allegation contained in this paragraph.

36. In answering Paragraph 36, Defendants aver that the allegations of this paragraph contain argument and legal conclusions that require no answer. On that basis, Defendants deny each and every factual allegation contained in this paragraph.

## Answer to "Prayer for Relief"

37. Defendants deny each and every averment contained in the "Prayer for Relief," including Paragraphs 37 through 42 therein.

## DEFENDANTS' FURTHER AND SEPARATE DEFENSES

Defendants, without alleging or admitting that they carry the applicable burden of proof or persuasion concerning any of these matters, assert the following further defenses to the complaint and the purported claims for relief contained therein.

### First Further and Separate Defense
### (Failure to State a Claim)

1.   Plaintiff-Intervenor fails to state a claim against Defendants upon which relief can be granted. Defendants make their websites and tax preparation products available to all subscribers on the same basis and do not treat any vision-impaired subscribers differently on the basis of their disability. Defendants comply with any and all applicable statutes, regulations, and other laws. To the extent federal agencies are currently promulgating applicable regulations, Defendants will fully comply with such regulations when they become effective. Neither Defendants nor their websites and tax preparation products are a "place of public accommodation" under the Americans with Disabilities Act. Thus, Plaintiff-Intervenor's

complaint does not support a viable claim for relief.

## Second Further and Separate Defense
### (Compliance With Laws, Regulations, and Accessibility Standards)

2.	Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because Defendants comply with any and all applicable statutes, regulations, accessibility standards, and other laws and standards regarding accessibility of websites and tax preparation products.  Defendants make their websites and tax preparation products accessible to the extent it is economically or technologically feasible.  Further, Defendants make their websites and tax preparation products available to all registered subscribers on the same basis and do not treat any subscribers with disabilities differently on the basis of their disability.  To the extent federal agencies are currently promulgating applicable regulations, Defendants will fully comply with such regulations when they become effective.  Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

## Third Further and Separate Defense
### (Nondiscriminatory Legitimate Business Reasons)

3.	Plaintiff-Intervenors may not pursue a claim under the Americans with Disabilities Act against Defendants because Defendants make their websites and tax preparation products accessible consistent with nondiscriminatory legitimate business reasons, and to the extent it is economically or technologically feasible.  Defendants make their websites and tax preparation products available to all registered subscribers on the same basis and do not treat any subscribers with disabilities differently on the basis of their disability.  Defendants comply with any and all applicable statutes, regulations, and other laws.  To the extent federal agencies are currently promulgating applicable regulations, Defendants will fully comply with such regulations when they become effective.  Thus, Plaintiff-Intervenor's complaint does not support

a viable claim for relief.

### Fourth Further and Separate Defense
### (Lack of Disparate Treatment)

4.      Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because Defendants do not treat disabled and non-disabled individuals disparately.  Defendants make their websites and tax preparation products accessible consistent with nondiscriminatory legitimate business reasons, and to the extent it is economically or technologically feasible.  Defendants make their websites and tax preparation products available to all registered subscribers on the same basis and do not treat any subscribers with disabilities differently on the basis of their disability.  Defendants comply with any and all applicable statutes, regulations, and other laws.  To the extent federal agencies are currently promulgating applicable regulations, Defendants will fully comply with such regulations when they become effective.  Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

### Fifth Further and Separate Defense
### (Existence of Auxiliary Aids and Services)

5.      Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because Defendants' websites and tax preparation products satisfy any requirements for auxiliary aids and services to disabled individuals.  Defendants make their websites and tax preparation products accessible consistent with nondiscriminatory legitimate business reasons, and to the extent it is economically or technologically feasible. Defendants make their websites and tax preparation products available to all registered subscribers on the same basis and do not treat any subscribers with disabilities differently on the basis of their disability.  To the extent federal agencies are currently promulgating applicable regulations, Defendants will fully comply with such regulations when they become effective.  Thus, Plaintiff-

intervenor's complaint does not support a viable claim for relief.

### Sixth Further and Separate Defense
### (Requested Relief Not Readily Achievable)

6.	Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because—to the extent the website and tax preparation product are not already fully accessible—the relief requested is not readily achievable. Defendants make their websites and tax preparation products accessible to the extent it is economically or technologically feasible. Requiring Defendants to redesign its website and tax preparation products immediately to adopt the requirements Plaintiff-Intervenor proposes would require Defendants to achieve the impossible given current technology coupled with its proprietary tax preparation methods and programs, and could significantly reduce the amount, quality, and security of available website and tax preparation options. In addition, adopting Plaintiff-intervenors' proposed requirements would fundamentally alter and weaken security features of Defendants' websites and tax preparation products. Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

### Seventh Further and Separate Defense
### (Fundamental Alteration of Activities)

7.	Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because—to the extent the website and tax preparation products are not already fully accessible—the relief requested requires a fundamental alteration of Defendants' activities. Defendants make their websites and tax preparation products accessible to the extent it is economically or technologically feasible. Requiring Defendants to redesign their website and tax preparation products immediately to adopt the requirements Plaintiff-Intervenor proposes would require Defendants to achieve the impossible given current technology coupled with their

proprietary tax preparation methods and programs, and could significantly reduce the amount and quality of available website and tax preparation options.  In addition, adopting Plaintiff-Intervenor's proposed requirements would fundamentally alter and weaken security features of Defendants' websites and tax preparation products.  Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

### Eighth Further and Separate Defense
### (Undue Burden or Hardship—Costs of Accessibility)

8.      Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because—to the extent the website and tax preparation products are not already fully accessible—the relief requested would impose undue economic burden or hardship on Defendants.  Defendants make their websites and tax preparation products accessible to the extent it is economically or technologically feasible.  Requiring Defendants to redesign the website and tax preparation products immediately to adopt the requirements Plaintiff-Intervenor proposes would require Defendants to achieve the impossible given current technology coupled with its proprietary website and tax preparation methods and programs, and could significantly reduce the amount, quality, and security of available tax preparation options.  Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

### Ninth Further and Separate Defense
### (Undue Burden or Hardship—Compliance with Conflicting Laws and Regulations)

9.      Plaintiff-Intervenor may not pursue a claim under the Americans with Disabilities Act against Defendants because the relief requested would impose an undue burden or hardship on Defendants by requiring them to comply with conflicting requirements.  The relevant statutes do not impose any accessibility requirements to the Internet.  To the extent the United States Department of Justice is promulgating regulations concerning accessibility of Internet-based

content, Defendants intend to comply fully with such regulations when they become effective. Meanwhile, Plaintiff-Intervenor's demands that the Court order Defendants to provide additional means of accessibility—regardless of federal regulations or statutory guidelines—imposes on Defendants the undue burden of having to comply with both federal regulations and Plaintiff-Intervenor's conflicting demands. Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

**Tenth Further and Separate Defense**
**(Lack of Causation)**

10. Plaintiff-Intervenor may not pursue any claim against Defendants because Defendants did not cause any harm that Plaintiffs or Plaintiff-Intervenors allegedly suffered. Plaintiffs and Plaintiff-Intervenor are not subscribers to Defendants' websites and tax preparation products, have not been exposed to Defendants' websites and tax preparation products program content, and therefore have not, and cannot have, suffered any harm caused by Defendants' conduct. The alleged injury to plaintiff and plaintiff-intervenor, if any, was caused by intervening or superseding causes that are not attributable to or foreseeable by Defendants. Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

**Eleventh Further and Separate Defense**
**(Lack of Injury)**

11. Plaintiff-Intervenor may not pursue any claim against Defendants because Plaintiffs and Plaintiff-Intervenor has not suffered any injury.

**Twelfth Further and Separate Defense**
**(Injunctive Relief—Vague, Overbroad, and Unduly Subjective)**

12. Plaintiff-Intervenor is not entitled to the injunctive relief they seek because it is too vague, overly broad, and unduly subjective for enforcement by the Court. Plaintiff-

Intervenor seeks an unspecified injunctive relief, the vagueness of which would leave Defendants unable to comply with Plaintiff-Intervenor's request, which is subject to unreasonably subjective interpretation. Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

### Thirteenth Further and Separate Defense
### (Injunctive Relief—Conflict with Regulation and Legislation)

13.     Plaintiff-Intervenor is not entitled to the injunctive relief they seek because it conflicts with federal regulations and legislation. To the extent the United States Department of Justice is promulgating regulations concerning accessibility of Internet-based content, Plaintiff-Intervenor's demands that the Court order Defendants to provide unspecified accessibility—regardless of federal regulations—impermissibly circumvents those legislative and regulatory mandates.

### Fourteenth Further and Separate Defense
### (Injunctive Relief—Adequacy of Legal Remedy)

14.     Plaintiff-Intervenor is not entitled to the injunctive relief they seek because Plaintiff-Intervenor had adequate remedies at law for the harm they allege in the complaint.

### Fifteenth Further and Separate Defense
### (Declaratory Relief—Conflict with Regulation and Legislation)

15.     Plaintiff-Intervenor is not entitled to the declaratory relief they seek because it conflicts with federal regulations and legislation. To the extent the United States Department of Justice is promulgating regulations concerning accessibility of Internet-based content, Plaintiff-Intervenor's demands that the Court declare Defendants' conduct in violation of federal law improperly ignores those legislative and regulatory mandates. Thus, Plaintiff-Intervenor's complaint does not support a viable claim for relief.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff-Intervenor take nothing for any claim for relief averred in the complaint;

2. That judgment on the complaint, and each and every claim for relief therein, be entered in favor of Defendants and against Plaintiff-Intervenor;

3. That Defendants be awarded their attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.


Dated:  January 13, 2014                                              Respectfully submitted,


                                                                      */s/ David F. McDowell*
                                                                      *David F. McDowell* (admitted *pro hac vice*)
                                                                      MORRISON & FOERSTER LLP
                                                                      707 Wilshire Boulevard, Suite 6000
                                                                      Los Angeles, CA 90017-3543
                                                                      Telephone:  (213) 892-5200
                                                                      Facsimile:  (213) 892-5454
                                                                      Email:  dmcdowell@mofo.com

                                                                      *Attorneys for Defendants HRB DIGITAL*
                                                                      *LLC and HRB TAX GROUP, INC.*

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

(Fed. R. Civ. Proc. 5(b))

I hereby certify that on January 13, 2014, I electronically filed the foregoing:

**DEFENDANTS HRB DIGITAL LLC'S AND HRB TAX GROUP, INC.'S ANSWER TO PLAINTIFF-INTERVENOR'S COMPLAINT IN INTERVENTION**

with the clerk of court using the CM/ECF system, which will send notification electronically to all attorneys of record.

*/s/ David F. McDowell*

David F. McDowell