UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

NATIONAL FEDERATION OF THE BLIND, on
behalf its members and itself; and MIKA
PYYHKALA and LINDSAY YAZZOLINO, on
behalf of themselves and all others similarly
situated,

Plaintiffs,

And

UNITED STATES OF AMERICA,

Plaintiff-Intervenor,

v.

HRB DIGITAL LLC and HRB TAX GROUP, INC.,

Defendants.

CIVIL ACTION
NO. 1:13-cv-10799-GAO

## CONSENT DECREE

1.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-
    12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit
    discrimination on the basis of disability in the full and equal enjoyment of the goods,
    services, facilities, privileges, advantages, and accommodations of any place of public
    accommodation by any private entity that owns, leases (or leases to), or operates any
    place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.  On April 8, 2013, the National Federation of the Blind, on behalf of its members and
    itself, Mika Pyyhkala and Lindsay Yazzolino (the "Private Plaintiffs") filed this lawsuit
    against HRB Digital LLC and HRB Tax Group, Inc. The Private Plaintiffs alleged, inter
    alia, that HRB Digital LLC and HRB Tax Group, Inc.'s website, www.hrblock.com,

1

contains barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189 and Article 114 of the Massachusetts Constitution, as enforced through the Massachusetts Equal Rights Act ("MERA"), Mass. Gen. Laws ch. 93, § 103.

3. On December 11, 2013, the United States filed a Complaint in Intervention in this lawsuit against HRB Digital LLC and HRB Tax Group, Inc. (collectively, "H&R Block") alleging that H&R Block violated Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. pt. 36. The United States' Complaint in Intervention alleges that individuals with disabilities, including those who require assistive technologies, cannot access the information, enjoy the services, or take advantage of the benefits offered through www.hrblock.com. According to the Complaint in Intervention, the inaccessibility of H&R Block's website prevents people with disabilities from independently preparing and filing taxes online, downloading tax preparation software, finding tax professionals, obtaining information from the website's blog, obtaining information from instructional videos, obtaining a "Second Look" review of previous years' taxes, and having taxes prepared in real time by a tax preparer via the "Block Live" function. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

4. H&R Block expressly denies that it has violated Title III of the ADA and the MERA and, by entry into this Consent Decree, does not admit any wrongdoing.

5. This Consent Decree is entered into by and between the Private Plaintiffs, the United States, and H&R Block, and resolves the allegations set forth in Paragraphs 2 and 3.

Jurisdiction

6. Private Plaintiffs and the United States allege that HRB Digital LLC and HRB Tax

Group, Inc. are private entities whose operations affect commerce; they own and operate a website, which is a service establishment providing tax information, goods, and services to members of the public. 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). In addition, H&R Block offers a tax preparation product on its website ("Online Tax Preparation Product") and mobile applications, and owns and operates retail locations that are places of public accommodation providing tax assistance to members of the public. The online services link customers to these retail locations. 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. §§ 36.104, 36.201(a).

7.     The Justice Department is authorized to conduct reviews of covered entities' compliance with the ADA, 42 U.S.C. § 12188(b)(1)(A)(i), 28 C.F.R. § 36.502(c). The Department is also authorized to bring a civil action on behalf of the United States in federal court if the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination or any person with a disability or group of persons with disabilities has been discriminated against and such discrimination raises an issue of general public importance, 42 U.S.C. § 12188(b)(1)(B).

8.     Mika Pyyhkala and Lindsay Yazzolino are suing as aggrieved persons pursuant to 42 U.S.C. § 12188(b)(2)(B).

9.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The parties agree that venue is appropriate.

Agreed Resolution

10.    The Private Plaintiffs, the United States, and H&R Block agree that it is in all parties' best interest, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties

3

agree to the entry of this Consent Decree without trial or further adjudication of any

issues of fact or law raised in the Private Plaintiffs' and the United States' Complaints.

In resolution of this action, the parties hereby **AGREE** and the Court expressly **APPROVES,**

**ENTERS, AND ORDERS** the following:

## I.   **GENERAL NONDISCRIMINATION REQUIREMENTS**

11.   Pursuant to the terms of this Consent Decree, H&R Block:

    a.   Shall not deny individuals with disabilities, including the Private Plaintiffs, the

        opportunity to participate in and benefit from the goods, services, facilities,

        privileges, advantages, and accommodations provided through www.hrblock.com,

        its mobile applications, and the Online Tax Preparation Product, 42 U.S.C.

        § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b.   Shall not provide individuals with disabilities, including the Private Plaintiffs, an

        unequal opportunity to participate in or benefit from the goods, services, facilities,

        privileges, advantages, and accommodations provided through www.hrblock.com,

        its mobile applications, and the Online Tax Preparation Product, 42 U.S.C. §

        12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b);

    c.   Shall take the necessary steps to ensure that individuals with disabilities,

        including the Private Plaintiffs, are not excluded, denied services, segregated, or

        otherwise treated differently because of the absence of auxiliary aids and services,

        through www.hrblock.com, its mobile applications, and the Online Tax

        Preparation Product, 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303; and

    d.   Shall not utilize standards or criteria or methods of administration that have the

        effect of discriminating on the basis of disability, or perpetuate the discrimination

of others who are subject to common administrative control, through www.hrblock.com, its mobile applications, and the Online Tax Preparation Product, 42 U.S.C. § 12182(D); 28 C.F.R. § 36.204.

## II.   COMPLIANCE WITH TITLE III OF THE ADA

12.   **Web Accessibility Conformance Timeline**: H&R Block shall ensure full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through www.hrblock.com, its mobile applications, and its Online Tax Preparation Product according to the following timeline and requirements:

a.   **Phase I**: By January 1, 2015, H&R Block shall ensure that www.hrblock.com and the Online Tax Preparation Product conform to, at minimum, the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA").

b.   **Phase II**:   By January 1, 2016, H&R Block shall ensure that its mobile applications conform to, at minimum, the WCAG 2.0 AA.

c.   If H&R Block uses or integrates third-party plug-ins or content, H&R Block shall provide a method of obtaining and using such content that conforms to WCAG 2.0 AA, except that at present, H&R Block uses a third-party plug-in to display the map location of its physical offices. This plug-in is not in conformance with WCAG 2.0 AA. No later than three (3) years after the Effective Date, H&R Block will provide a method of obtaining and using map content that conforms to WCAG 2.0AA

5

13. **Web Accessibility Coordinator**: By June 15, 2014, H&R Block shall designate an employee, who shall report directly to H&R Block's enterprise Chief Information Officer as the Web Accessibility Coordinator for www.hrblock.com, mobile applications, and the Online Tax Preparation Product and provide the name of and contact information for that person to all parties and this Court. The Web Accessibility Coordinator:

    a.    shall be knowledgeable about the terms of this Consent Decree, including, but not limited to, Paragraph 11, WCAG 2.0, and web accessibility generally;

    b.    shall be responsible for overseeing, managing, and coordinating H&R Block's implementation of this Decree, including the obligations set forth in Paragraphs 12, 13(c), and 14-23; and

    c.    shall be responsible for reporting and documenting quarterly, at minimum, to H&R Block's Enterprise Chief Information Officer that all new releases have been made accessible pre-production; any post-production accessibility bugs have been remediated; and whether the requirements set forth in this Consent Decree have been met, and, if not, what requirements have not been satisfied and why.

14. **Web Accessibility Policy**: By June 1, 2014, H&R Block shall adopt and implement a Web Accessibility Policy consistent with the attachment at Exhibit A and as approved by the Private Plaintiffs and the United States. By June 1, 2014, H&R Block shall:

    a.    distribute the Web Accessibility Policy to all Web Content Personnel (as defined in paragraph 18) and Client Service Operations call center agents ("CSO Personnel") for www.hrblock.com;

    b.    provide a copy of the policy to each new Web Content Personnel, contractor responsible for web content, and CSO Personnel for www.hrblock.com;

c.      redistribute the corporate Web Accessibility Policy annually to all Web Content Personnel, contractors responsible for web content, and CSO Personnel.

d.      make publicly available and directly link from the www.hrblock.com homepage, a statement of H&R Block's policy to ensure that persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of H&R Block, through www.hrblock.com, its mobile applications, and its Online Tax Preparation Product; and

e.      accompany the public policy statement with an accessible means of submitting accessibility questions and problems.

15.     **Web Accessibility Committee**:  By July 15, 2014, H&R Block shall appoint a cross-functional committee charged with monitoring and maintaining conformance of www.hrblock.com, the mobile applications, and the Online Tax Preparation Product with WCAG 2.0 AA throughout the term of this Consent Decree to assist and report to the Web Accessibility Coordinator.

16.     **Web Accessibility Feedback**:  By July 15, 2014, H&R Block shall provide a notice, prominently and directly linked from the www.hrblock.com homepage, soliciting feedback from visitors to www.hrblock.com on how the accessibility of the website, mobile applications, and Online Tax Preparation Product can be improved; the link shall provide several methods to provide feedback, including an accessible form to submit feedback or an email address, and a toll-free phone number (with TTY) to contact representatives knowledgeable about the Web Accessibility Policy.

17.     **Customer Assistance for H&R Block Users with Disabilities**: By December 1, 2014, H&R Block shall train its CSO Personnel automatically to escalate calls from users with

7

disabilities who encounter difficulties using www.hrblock.com or the Online Tax Preparation Product. H&R Block shall have trained sufficient personnel handing escalated calls (no less than 5% such staff at any given time) timely to assist such calls from users with disabilities. H&R Block shall establish procedures for promptly directing requests for assistance to such personnel including notifying the public that customer assistance is available to users with disabilities and describing the process to obtain that assistance. By December 1, 2015, H&R Block shall have met the requirements of this paragraph for the mobile applications.

18. **Web Accessibility Training**: By August 15, 2014, and at least once annually thereafter for the term of this Consent Decree, H&R Block shall provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish final content to, www.hrblock.com, its mobile applications, or the Online Tax Preparation Product ("Web Content Personnel") on how to conform all web content and services with, at minimum, WCAG 2.0 AA and the terms of this Consent Decree. Web Content Personnel also shall receive the training when they are hired into a position that includes such a role. H&R Block shall ensure that contractors are familiar with WCAG 2.0 and the requirements of this Consent Decree to the extent necessary to perform the duties under their contract.

19. **Performance Reviews of Web Accessibility Coordinator and H&R Block Employees**: Performance reviews of the Web Accessibility Coordinator and all employees covered by Paragraph 18 shall include consideration of the degree and effectiveness with which each took accessibility considerations into account in the performance of their respective duties, once they have had the opportunity to receive

8

accessibility training as required above.

20.     **Automated Web Accessibility Testing**:     H&R Block has conducted an audit of
        www.hrblock.com and its Online Tax Preparation Product to determine the steps
        necessary to achieve conformance with WCAG 2.0 AA. By October 1, 2014, H&R
        Block shall select an automated accessibility testing tool acceptable to the Private
        Plaintiffs and the United States to evaluate conformance of web content with WCAG 2.0
        AA. Following the entry of this Consent Decree, H&R Block shall complete the
        following steps:

        a.      Beginning December 1, 2014, and at least once every three (3) months for the
                term of this Consent Decree, H&R Block shall conduct automated accessibility
                tests of www.hrblock.com to identify any instances where www.hrblock.com is
                no longer in conformance with WCAG 2.0 AA.

        b.      H&R Block shall conduct automated accessibility tests of its Online Tax
                Preparation Product no later than June 1, 2015 and each year thereafter of the
                Consent Decree, and at least once per month beginning June 1 of each year until
                the Online Tax Preparation Product is released, to identify any instances where
                the Online Tax Preparation Product is no longer in conformance with WCAG 2.0
                AA.

        c.      By October 1, 2015, H&R Block shall select an automated accessibility testing
                tool acceptable to the Private Plaintiffs and the United States, if one then exists, to
                evaluate conformance of mobile applications with WCAG 2.0 AA; provided that,
                if such a tool does not exist by October 1, 2015, Block shall investigate the
                availability of such a tool on annual intervals thereafter for the term of this

                                                        9

Consent Decree. Beginning October 1, 2015 (or October 1 of a subsequent year in which H&R Block selects an automated accessibility testing tool for mobile applications as discussed in this Paragraph) and at least once every three (3) months thereafter for the term of this Consent Decree, H&R Block shall conduct automated accessibility tests of its mobile applications to identify any instances where the mobile applications are no longer in conformance with WCAG 2.0 AA.

21. **User Accessibility Testing Group**: By October 1, 2014, and at least once annually for the term of this Consent Decree, and whenever a substantial proposed change to www.hrblock.com, its mobile applications, or its Online Tax Preparation Product is made available to any group of H&R Block users or customers (e.g., Beta testing), such changes shall be tested by individuals with different disabilities, including at a minimum individuals who are blind, deaf, and/or have physical disabilities affecting manual dexterity (such as those limiting the ability to use a mouse), to identify any accessibility barriers not otherwise apparent through automated testing. If requested by H&R Block, the National Federation of the Blind may assist in identifying participants with vision disabilities for the User Accessibility Testing Group.

22. **Modification of Bug Fix Priority Policies**: By December 1, 2014, H&R Block shall modify existing bug fix policies, practices, and procedures to include the elimination of bugs that create nonconformance with WCAG 2.0 AA to www.hrblock.com, its mobile applications, or its Online Tax Preparation Product ("Modified Bug Fix Priority Policies"). The Modified Bug Fix Priority Policies shall ensure that any bugs that create nonconformance with WCAG 2.0 AA to www.hrblock.com, its mobile applications, or its Online Tax Preparation Product are remedied with the same level of priority (e.g.,

10

speed, resources used to remediate) as any other equivalent loss of function for individuals without disabilities. H&R Block shall make the Modified Bug Fix Priority Policies available to the Private Plaintiffs and the Department of Justice for review and comment no later than ten (10) business days before their implementation.

23.  **Web Accessibility Consultant and Evaluation**: By July 15, 2014, H&R Block shall retain an independent consultant ("Web Accessibility Consultant"), approved by all parties, who has expertise concerning accessible web development, the terms of this Consent Decree, and WCAG 2.0.

   a.  By September 15, 2014, and annually by August 15 thereafter, the independent Web Accessibility Consultant shall provide the parties a written evaluation. This evaluation shall describe: whether www.hrblock.com, its mobile applications, and the Online Tax Preparation Product are in conformance with requirements of WCAG 2.0 AA and this Consent Decree: include any recurring, frequent, or significant deviations from the Modified Bug Fix Priority Policies, and shall make recommendations to improve the accessibility of www.hrblock.com, the mobile applications, and the Online Tax Preparation Product ("Web Accessibility Evaluation").

   b.  The Web Accessibility Consultant shall provide copies of the Web Accessibility Evaluation to all parties to this Decree.

   c.  H&R Block shall incorporate all of the recommendations contained in the Web Accessibility Evaluation within ninety (90) days of receiving the Accessibility Evaluation; provided, any recommendations for the Online Tax Preparation Product shall be made thirty (30) days prior to release.

11

## III. ADDITIONAL RELIEF

Specific Relief to the Private Plaintiffs

24. Within ten (10) days after the Effective Date of this Decree, Defendants shall pay $22,500.00 (twenty-two thousand five hundred dollars) to Mika Pyyhkala and $22,500.00 (twenty-two thousand five hundred dollars) to Lindsay Yazzolino.

Civil Penalty

25. Within ten (10) days after the Effective Date of this Decree, and pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3), Defendants shall pay a civil penalty of $55,000 (fifty-five thousand dollars). The check shall be made payable to the "U.S. Department of Justice – Civil Rights Division."

## IV. REPORTING, ENFORCEMENT, AND OTHER PROVISIONS

26. **Reporting**: H&R Block shall provide the following information in electronic format to the Private Plaintiffs and the Department of Justice as set forth below:

   a. By September 15, 2014, and every six (6) months thereafter for the term of this Decree, the Web Accessibility Coordinator(s) shall submit a report detailing H&R Block's compliance and any lack thereof with this Consent Decree, including the requirements identified in Paragraphs 12-23. Each report shall include an explanation of each action Defendants have taken in response to each comment provided by visitors to www.hrblock.com pursuant to Paragraph 16, or if no action is taken in response to a particular comment, Defendants shall include an explanation why.

   b. Within ten (10) business days after completing each automated test required by Paragraph 20, H&R Block shall provide:

12

    i.       a report identifying the results of the automated testing conducted on www.hrblock.com and the Online Tax Preparation Product; and

    ii.     log-in credentials to remotely access the beta or release candidates of www.hrblock.com or the Online Tax Preparation Product to test and verify their conformance with WCAG 2.0 AA.

    c.     The civil penalty payment and all notices and reports that Defendants are required to send to counsel for the United States under this Consent Decree, shall be sent by Federal Express mail, prepaid delivery, to: United States Department of Justice, Civil Rights Division, Disability Rights Section—1425 New York Avenue, NW, 4th Floor, Washington, D.C. 20005.

27.    If the United States or the Private Plaintiffs believes that this Consent Decree or any portion of it has been violated, they shall give notice (including reasonable particulars) of such violation to Defendants. Defendants must respond to such notice as soon as practicable but no later than thirty (30) days thereafter. The United States and/or the Private Plaintiffs and the Defendants shall negotiate in good faith in an attempt to resolve any dispute relating thereto; if the parties are unable to reach a mutually acceptable resolution, the United States or the Private Plaintiffs may seek court enforcement of compliance with this Decree. Nothing in this Decree, however, shall prevent the Private Plaintiffs or the United States from (1) filing a separate lawsuit against Defendants for any violations or potential violations of the ADA or any other federal or state law, other than the violations alleged in the United States' and Private Plaintiffs' Complaints in the above-titled action; or (2) filing a separate lawsuit against Defendants for actions or omissions that constitute a violation of this Decree if such actions or omissions also

13

constitute a violation of the ADA and cause an injury to the Private Plaintiffs or any other party.

28.    This Consent Decree shall become effective as of the date of the Court's entry of it and shall remain in effect for five (5) years from that date.

29.    This Consent Decree does not purport to remedy any violations or potential violations of the ADA or any other federal or state law, other than the violations alleged in the United States' and Private Plaintiffs' Complaints in the above-titled action.

30.    Except as addressed in the additional terms between the Private Plaintiffs and H&R Block contained in a separate Agreement, pursuant to Paragraph 36 of this Decree, this Consent Decree contains the entire agreement of the Private Plaintiffs, the United States, and H&R Block concerning the subject matter described in Paragraphs 2-3, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraphs 2-3, shall be enforceable.

31.    No modification of this Consent Decree shall be effective unless approved by the Court.

32.    If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

33.    This Consent Decree shall be binding on: HRB Digital LLC and HRB Tax Group, Inc. and their respective subsidiaries, agents, employees, officers, and contractors. In the event that HRB Digital LLC or HRB Tax Group, Inc. seek to transfer or assign all or part

14

of their interest in any service covered by this Decree, and the successor or assign intends on carrying on the same or similar use of the website or online services, then as a condition of sale, the corporation shall obtain the written accession of the successor or assign to any obligations remaining under this Decree for the remaining term of this Decree.

34. Failure by the United States or the Private Plaintiffs to seek enforcement of this Decree pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or provisions.

35. H&R Block shall provide a copy of the Decree to any person upon request.

36. HRB Digital LLC, HRB Tax Group, Inc., and the Private Plaintiffs may enter additional private agreements to which the United States is not a party.

37. The Private Plaintiffs, the United States, and H&R Block agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 2-3. To the extent that any of these parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraphs 2-3, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

38. If the Private Plaintiffs, the United States, and H&R Block disagree about any topic about which the parties are required to come to an agreement under this Consent Decree (e.g., the identity of the Web Accessibility Consultant), after following the procedures set out in this Consent Decree, the parties shall meet and confer in a good-faith effort to resolve the disagreement. If the parties are unable to reach agreement after 60 days of good-faith

15

negotiations, the Private Plaintiffs and the United States may use the procedure set out in Paragraph 27 above.

39. The Definitions attached to this Decree are incorporated within the terms of this Decree.

40. **Procedure for Approval by U.S. and Private Plaintiffs of Specific Provisions**: For provisions that require the approval of the U.S. and the Private Plaintiffs in Paragraphs 14, 20, and 23, H&R Block shall submit its proposed policy, tool, or consultant 30 days before the deadline set out in the paragraph. The U.S. and Private Plaintiffs shall have 15 days to approve, or propose changes to H&R Block's proposal, which H&R Block shall accept. Private Plaintiffs and the United States shall not unreasonably withhold such approval.

16

41.    The signatories represent that they have the authority to bind the respective parties

identified below to the terms of this Decree.

SO ORDERED this 24 <sup>th</sup> day of  March  , 2014.

Honorable George A. O'Toole, Jr.
District Judge
District of Massachusetts

AGREED AND CONSENTED TO:

FOR THE PRIVATE PLAINTIFFS

s/Daniel F. Goldstein
DANIEL F. GOLDSTEIN
GREGORY P. CARE
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Ste. 1700
Baltimore, MD 21202
Phone: 410-962-1030
Fax: 410-385-0869
dfg@browngold.com
gpc@browngold.com

CHRISTINE M. NETSKI
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
Phone: 617-227-3030
Fax: 617-523-4001
netski@srbc.com

Dated: February 26, 2014

17

COUNSEL FOR THE DEFENDANTS:

FOR HRB DIGITAL LLC:

s/David F. McDowell
DAVID F. MCDOWELL
JEREMIAH LEVINE
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
DMcDowell@mofo.com

LASHANN M. DEARCY
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
ldearcy@mofo.com

Dated: 3/4/14

___JASON HOUSEWORTH___
Name

___s/Jason Houseworth___
Signature

___President___
Title

Dated: 3/3/14

FOR HRB TAX GROUP, INC.:

___JASON HOUSEWORTH___
Name

___s/Jason Houseworth___
Signature

___President___
Title

Dated: 3/3/14

FOR THE UNITED STATES:

ERIC H. HOLDER, JR.
Attorney General of the United States

CARMEN M. ORTIZ                          JOCELYN SAMUELS
United States Attorney                   Acting Assistant Attorney General
District of Massachusetts                BECKY L. MONROE
                                         Senior Counsel to the Assistant Attorney
                                         General
                                         Civil Rights Division

                                         REBECCA B. BOND, Chief
                                         SHEILA M. FORAN, Special Legal
                                         Counsel
                                         AMANDA MAISELS, Acting Deputy Chief
                                         Disability Rights Section


s/Stephen P. Heymann                     s/William F. Lynch
STEPHEN P. HEYMANN                       EUGENIA ESCH, Trial Attorney
SONYA A. RAO                             WILLIAM F. LYNCH, Trial Attorney
Assistant United States Attorneys        Disability Rights Section
United States Attorney's Office          Civil Rights Division
U.S. Department of Justice               U.S. Department of Justice
John Joseph Moakley Federal Courthouse   950 Pennsylvania Avenue, N.W. – NYA
1 Courthouse Way                         Washington, D.C. 20530
Suite 9200                               (202) 305-2008 (Lynch)
Boston, MA 02210                         (202) 305-9775 (Fax)
617-748-3100                             Eugenia.Esch@usdoj.gov
Stephen.Heymann@usdoj.gov                William.Lynch@usdoj.gov
ATTORNEY TO BE NOTICED                   ATTORNEYS TO BE NOTICED


Dated: March 3, 2014                     Dated: March 6, 2014

19

## DEFINITIONS

"Auxiliary aids and services" includes—

> a. Qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing;
>
> b. Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision;
>
> c. Acquisition or modification of equipment or devices; and
>
> d. Other similar services and actions. 28 C.F.R. § 36.303(b).

"Bug fix policies, practices, and procedures" means those policies, practices, and/or procedures that H&R Block implements and maintains to resolve errors, flaws, failures, or faults in the website, its mobile applications, and the Online Tax Preparation Product that produces an incorrect or unexpected result, or causes it to behave in unintended ways.

"Conformance" or "conform," have the same meaning as used in the WCAG 2.0.

"Effective Date" is the date the Consent Decree is approved by the Court.

"Mobile applications" includes all software applications made available to the public designed to run on smartphones, tablet computers, or other mobile devices which enable users to obtain services or products from H&R Block. Mobile applications do not include third-party content on related webpages or links not owned or operated by H&R Block.

"Online Tax Preparation Product" means products offered and provided to customers by H&R Block available: (1) on or through www.hrblock.com and related websites and links owned, operated, branded, or paid for by H&R Block, whether free or fee for service; and (2) on all interface applications developed by or for H&R Block for use on mobile and tablet devices running on Apple iOS, Windows, Google Android, or other such operating systems. The Online Tax Preparation Product does not include third-party content on related webpages or links not owned or operated by H&R Block.

20

"Orphan pages" means files found on the www.hrblock.com web server that are no longer linked to the website and have been abandoned by H&R Block web services/developers. The traffic to these pages represents less than one percent (1%) of all page views for www.hrblock.com, and the content has not been updated by H&R Block in at least the year preceding the Effective Date of this Consent Decree.

A "substantial proposed change," as used in this Consent Decree, is a proposed material change, modification, alteration, or addition to the user interface design (i.e., any interactive control or area a user can manipulate), but content added to the current user interface in accessible formats are not considered substantial proposed changes.

"Web content" and "website content" includes all textual, visual, and aural content encountered as part of the user experience of www.hrblock.com, mobile applications, and Online Tax Preparation Product, but does not extend to orphan pages as defined below.

"www.hrblock.com" and "the website" include:

> a. All web pages, web applications, resources, and services within the www.hrblock.com domain; its subdomains; and related domains;
>
> b. All of the information, resources, files, databases, images, graphics, text, audio, video, multimedia, services, code (including Hypertext Markup Language ("HTML"), .Net Framework, C#, etc., Dynamic HTML (including Cascading Style Sheets ("CSS")), and any other communications sent by or retrieved from www.hrblock.com to members of the public accessing it;
>
> c. Web pages and online services controlled, owned, or operated by direct and indirect subsidiaries of HRB Digital LLC and HRB Tax Group, Inc. other than those located in the www.hrblock.com domain; and
>
> d. But does not include orphan pages.

Unless otherwise provided in this Decree, technical terms used in this Decree have the same meaning as provided in the Web Content Accessibility Guidelines ("WCAG") 2.0 (Dec. 11, 2008), published by the World Wide Web Consortium ("W3C"), available at www.w3.org/TR/WCAG/. The term "WCAG 2.0 AA" as used in this Decree incorporates the WCAG 2.0 Level A and Level AA Success Criteria.

21

## EXHIBIT A

### Website, Mobile Application, and Online Tax Preparation Product Accessibility Policy for www.hrblock.com

**General Policy.** It is H&R Block's policy to ensure that persons with disabilities have a full and equal opportunity to benefit from the goods, services, privileges, advantages, and accommodations offered by H&R Block through the www.hrblock.com website, on other websites under its control and to which it provides content for the public, through its mobile applications, and through its online tax preparation product. H&R Block provides effective communication with persons with disabilities, and ensures that individuals with disabilities are not excluded from them by H&R Block's policies, standards, criteria, or methods of administration.

**Web Accessibility.** H&R Block provides online content in the following manner to ensure it is accessible to individuals with disabilities on www.hrblock.com, mobile applications, and the Online Tax Preparation Product:

- All new web pages, web applications, and content published to www.hrblock.com, mobile applications, and the Online Tax Preparation Product for public use shall conform to the Level A and Level AA Success Criteria and Conformance Requirements of the Web Content Accessibility Guidelines ("WCAG") 2.0 (Dec. 11, 2008), published by the World Wide Web Consortium ("W3C"), Web Accessibility Initiative ("WAI"), available at www.w3.org/TR/WCAG/.

- H&R Block provides a notice, prominently and directly linked from the www.hrblock.com homepage, soliciting feedback from visitors to www.hrblock.com on how accessibility can be improved and providing contact information for Call Center personnel knowledgeable concerning this policy.

- H&R Block annually distributes this Policy to all personnel that design, develop, maintain, manage, or otherwise have responsibility for the content and format of www.hrblock.com, mobile applications, and the Online Tax Preparation Product ("Web Content Personnel").

- H&R Block has designated a Web Accessibility Coordinator for www.hrblock.com, mobile applications, and the Online Tax Preparation Product, who is knowledgeable concerning the WCAG 2.0 and web accessibility generally and is available as a resource for Web Content Personnel.

- H&R Block provides annual training on web accessibility to Web Content Personnel, and considers the degree and effectiveness with which personnel took accessibility considerations into account in the performance of their duties when reviewing their performance.

- H&R Block annually assesses and reviews the delivery of content via www.hrblock.com, mobile applications, and the Online Tax Preparation Product to ensure inclusion, integration, and equal treatment of, as well as effective communication with, persons with disabilities, including, among others, persons that:

  o Use screen readers or voice interactive software;
  o Only or predominately use keyboards to input data and to navigate websites;
  o Use Braille output devices;
  o Use on-screen keyboards;
  o Use text magnification software;
  o Require the ability to adjust font size and/or color to view web pages;
  o Require audio description to access video content; and
  o Require captions to access audio and visual materials.

- H&R Block regularly conducts automated tests and annually enlists individuals with a variety of disabilities to test www.hrblock.com, mobile applications, and the Online Tax Preparation Product for accessibility.

- H&R Block has retained [insert name of Web Accessibility Consultant] as a Web Accessibility Consultant to annually evaluate www.hrblock.com for conformance with WCAG 2.0 to the Level A and Level AA Success Criteria and other Conformance Requirements, the requirements of this Policy. Each year, the Web Accessibility Consultant prepares a written report based on the evaluation, which identifies any barriers and provides recommendations to enhance the accessibility of www.hrblock.com, mobile applications, and the Online Tax Preparation Product.

**Compliance with the Policy.** H&R Block requires employees and contractors to comply with this policy. Failure to comply with this policy may result in disciplinary action.